UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　Plaintiff<br><br>v.<br><br>Larry Loucious,<br><br>　　Defendant | 2:15-cr-00106-JAD-VCF<br><br>**Order Sustaining Objections, Adopting Report and Recommendation in Part, and Granting in Part and Denying in Part Motion to Suppress**<br><br>[ECF 21, 59, 64] |

　　Larry Loucious stands charged with one count of being a felon in possession of a firearm.[1] Loucious moves to suppress the revolver that was recovered from a car that he was riding in during a March 2015 traffic stop and his statement about the gun.[2] He argues that police lacked probable cause to search the car[3] and that the detective's *Miranda* warnings were insufficient.[4] Following an evidentiary hearing, Magistrate Judge Hoffman issued a report recommending that I deny Loucious's motion in its entirety.[5] Loucious objects.[6] Having reviewed the objected-to portions of Magistrate Judge Hoffman's findings and conclusions de novo, I sustain Loucious's objections, adopt Magistrate Judge Hoffman's findings and conclusions to the extent they are consistent with this order, deny Loucious's motion to suppress the gun, and grant his motion to suppress his statements.

---

[1] ECF 1.

[2] ECF 21 (motion to suppress); ECF 41 (supplement to motion to suppress).

[3] ECF 21 at 3.

[4] ECF 41 at 2–3.

[5] ECF 59.

[6] ECF 64.

**Background**

**A.    The search of the vehicle and Loucious's interrogation**

On March 28, 2015, Las Vegas Metropolitan Police Department (Metro) Officer P. Sherwood was patrolling near the intersection of Michael Way and Eugene Avenue in Las Vegas, Nevada, when he clocked a Jeep driving 42 mph in a 25 mph zone.[7] Officer Sherwood activated his motorcycle's patrol lights and siren; the Jeep promptly pulled over.[8] Officer Sherwood testified that when he approached the driver's-side window, he smelled marijuana emanating from inside.[9] Three men and one woman sat inside.[10] Loucious sat in the backseat on the driver's side.

Officer Sherwood obtained a driver's license, proof of insurance, and registration from the driver.[11] A records check revealed that the driver had outstanding arrest warrants.[12] Planning to arrest the driver because of the warrant and to search the Jeep because it smelled like marijuana, Officer Sherwood called for back-up and requested identification from each of the passengers.[13]

Back-up Officer Zachary Davis arrived moments later, and Officer Sherwood gave him the passengers' I.D.s so that Davis could run them. The records check revealed that Loucious also had an outstanding arrest warrant.[14] The officers removed everyone from the Jeep and placed Loucious and the driver under arrest on their outstanding warrants.[15]

Officer Sherwood then searched the Jeep and discovered a revolver in the backseat where

---

[7] ECF 59 at 1–2.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

Loucious had been sitting. The officers obtained a warrant and seized the gun. Before interrogating Loucious, a third officer, Detective Costello, read Loucious his rights:

> You understand you have the right to remain silent. You understand that anything you say can be used against you in a court of law. You have the right to the presence of an attorney during questioning and if you cannot afford an attorney, one will be appointed before questioning. Do you understand those rights?[16]

Loucious then admitted that he had touched the gun a few days earlier.[17] Loucious now moves to suppress the gun and his statements.[18]

**B.     Magistrate Judge Hoffman's report and recommendation and Loucious's objections**

Magistrate Judge Hoffman recommends against suppressing the gun because, as a passenger with no ownership or possessory interest in the Jeep, Loucious lacks standing to challenge the search.[19] Magistrate Judge Hoffman also concluded that the 23-minute delay from the time the vehicle was stopped until Loucious was arrested (based on the outstanding warrant) was reasonable under the circumstances.[20] Finally, he recommends against suppressing Loucious's statements because the entirety of the warnings given to Loucious sufficiently conveyed his *Miranda* rights.[21]

Loucious does not object to the magistrate judge's recommendation against suppressing the gun. But he does maintain that the *Miranda* warnings given to him were insufficient: they did not convey his right to *consult with counsel before questioning*, only that he had a right to have an attorney present *during* questioning.[22]

---

[16] ECF 59 at 6. The warning is memorialized in the transcript of Loucious's interview and not in dispute; *see also* ECF 42-2 (Metro's standard warning).

[17] *Id.*

[18] ECF 21; ECF 41.

[19] *Id.* at 4.

[20] *Id.* at 5.

[21] *Id.* at 8.

[22] ECF 64 at 2.

## Discussion

**A.   Standards of review**

A district court reviews objections to a magistrate judge's proposed findings and recommendations de novo.[23] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[24] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[25] Local Rule IB 3-2(b) requires de novo consideration of specific objections only.[26] Because Loucious does not object to the magistrate judge's recommendation against suppressing the gun, I adopt that portion of the report and recommendation without review. But I review de novo Magistrate Judge Hoffman's determination that the warnings Loucious received reasonably advised him of his *Miranda* rights.

**B.   Detective Costello's *Miranda* warnings did not reasonably convey Loucious's right to consult with counsel before questioning.**

In *Miranda v. Arizona*, the Supreme Court prescribed four warnings that must be given to a suspect before custodial interrogation in order for the government to admit the suspect's statements in its case in chief:

> [A suspect] must be warned [before] questioning (1) that he has the right to remain silent, (2) that anything he says can be used against him in a court of law, (3) that he has the right to the presence of an attorney, and (4) that if he cannot afford an attorney one will be appointed for him [before] any questioning if he so desires.[27]

---

[23] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (a "district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise."(emphasis added)).

[24] *Id.*

[25] *Id.*

[26] *See* Nevada L.R. IB 3-2(b) (requiring de novo consideration of specific objections only); *Carillo v. Cate,* 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (noting that "generalized objections" do not require de novo review).

[27] *Miranda v. Arizona*, 384 U.S. 436 (1966).

A valid waiver of a defendant's *Miranda* rights requires that the suspect be informed both that (1) he has the right to have counsel present *during* questioning, and (2) that he has the right to consult with counsel *before* that questioning.[28] Rigid adherence to the *Miranda* formulation is not required as long as "the warnings reasonably 'convey to a suspect his rights as required by *Miranda*.'"[29] The absence of specific language does not render a warning inadequate if the omitted right may "be inferred from the warnings actually given."[30] But if the "combination" of the warnings "is in some way affirmatively misleading" and makes "such an inference less readily available," the warnings may be deemed inadequate.[31] The question here is whether Detective Costello's warnings—"[y]ou have the right to the presence of an attorney during questioning and if you cannot afford an attorney, one will be appointed before questioning"[32]—when read together, adequately conveyed Loucious's *Miranda* rights.

One of *Miranda*'s central tenets is "that an individual held for interrogation must be clearly informed that he has the right *to consult* with a lawyer . . . ."[33] In *People of Territory of Guam v. Snaer*, the Ninth Circuit held that Guam's form warning: "you have a right to consult with a lawyer and to have a lawyer present with you while you are being questioned" sufficiently notified the suspect of his right to counsel.[34] The panel reasoned that "the first part of th[e] sentence read in the context of the latter half of the sentence" adequately conveyed "notice of the right to consult with an

---

[28] *California v. Prysock*, 453 U.S. 355, 359 (1981); *People of Territory of Guam v. Snaer*, 758 F.2d 1341, 1342 (9th Cir. 1985) (citing *United States v. Noti*, 731 F.2d 610, 614–15 (9th Cir. 1984)).

[29] *Florida v. Powell*, 559 U.S. 50, 60 (2010) (quoting *Duckworth v. Eagan*, 492 U.S. 195, 203 (1989)).

[30] *United States v. Connell*, 869 F.2d 1349, 1352 (9th Cir. 1989).

[31] *Id.*

[32] ECF 59.

[33] *Miranda*, 384 U.S. at 471 (emphasis added); *accord Powell*, 559 U.S. at 53 (quoting *Miranda*, 384 U.S. at 471).

[34] *Id.*

attorney before questioning,"[35] even though it did not explicitly warn him of that right. But the panel cautioned that, though the warning "me[t] the minimum requirements of the Constitution, it would not be amiss for Guam to revise its form to more clearly warn of the right to consult with counsel before questioning."[36]

Unlike Snaer, Loucious was not advised he had any right to consult with counsel at all; he was just told that he had "the right to the presence of an attorney during questioning" and that, if he could not "afford an attorney[,] one [would] be appointed before questioning." Had the warning simply said "you have the right to the presence of an attorney," I might conclude that a reasonable person could infer that the right extends to all stages—before, during, and after questioning. But the language here is more limiting: it advised Loucious that he had the right to the presence of an attorney "*during questioning*," suggesting that "during questioning" is the only time the attorney may be present.[37] Adding "and if you cannot afford an attorney, one will be appointed before questioning" did nothing to suggest Loucious's right to an attorney was broader than merely having an attorney standing by during questioning. If anything, this additional language suggests that the attorney could be appointed immediately before questioning for the sole purpose of being present during questioning, and it prevents the reasonable inference that the right to an attorney extends to the pre-questioning phase of the process.[38]

---

[35] *Id.*

[36] *Id.*

[37] "In order to be valid, a *Miranda* warning must convey *clearly* to the arrested party that he . . . possesses the right to have an attorney present prior to and during questioning." *United States v. San Juan-Cruz*, 314 F.3d 384, 388 (9th Cir. 2002) (emphasis original).

[38] Other judges in this district have similarly found that the absence of the right-to-consult-before-questioning warning renders *Miranda* warnings inadequate. *See United States v. Chavez*, 111 F. Supp. 3d 1131, 1146 (D. Nev. 2015) (finding verbatim warning defective and suppressing statement); *United States v. Toliver*, 480 F. Supp. 2d 1216, 1241–42 (D. Nev. 2007) (holding that "*Miranda* is not satisfied by simply advising the defendant that he has the right to counsel, without also advising him that he has the right to consult with counsel prior to questioning or to have counsel present during questioning" and suppressing statements). *But see United States v. Waters*, 2016 WL 310738, *7 (D. Nev. Jan. 26, 2016) (denying suppression motion that challenged the same language rejected in *Chavez* and reasoning, "defendant would be able to grasp the substance of what he was

Because Loucious was not advised that he had a right to consult with a lawyer before questioning—and because that right could not have been inferred from the warnings given—I grant Loucious's motion to suppress his custodial statements.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that defendant's objections to the magistrate judge's report and recommendation **[ECF 64]** are **SUSTAINED**; the magistrate judge's report and recommendation **[ECF 59]** is **ADOPTED** to the extent it is consistent with this order; and defendant's motion to suppress **[ECF 21]** is **DENIED in part and GRANTED in part**. The government may not introduce Loucious's custodial statements in its case in chief.

DATED February 19, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

told—that he had the right to appointed counsel if he could not afford a lawyer and that right exists both before and during questioning.").